

# NUMBER 13-25-00108-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

PHILLIP ANTHONY GARCIA,                            Appellant,

**v.**

THE STATE OF TEXAS,                                Appellee.

## ON APPEAL FROM THE 105TH DISTRICT COURT
## OF KLEBERG COUNTY, TEXAS

# MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Fonseca
Memorandum Opinion by Justice West**

Appellant Phillip Anthony Garcia was indicted for burglary of a habitation with intent to commit theft, a second-degree felony. *See* TEX. PENAL CODE ANN. § 30.02(a), (c-2). Appellant was later re-indicted for the same offense with an added repeat felony offender allegation, enhancing the punishment range to that of a first-degree felony. *See id.* § 12.42. Appellant entered into a plea agreement, and the trial court placed appellant on

deferred adjudication community supervision for six years. The State filed a motion to adjudicate guilt and revoke community supervision, alleging that appellant violated the terms of his community supervision. During a hearing on the State's motion, appellant pleaded true to sixteen out of the twenty allegations. The trial court found those sixteen allegations to be true, adjudicated appellant guilty of the offense, and sentenced him to twenty-eight years' imprisonment. Appellant's court-appointed counsel has filed an *Anders* brief stating that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm the trial court's judgment.

## I.     *ANDERS* BRIEF

Pursuant to *Anders v. California*, appellant's court-appointed appellate counsel filed a brief and a motion to withdraw with this Court, stating that her review of the record yielded no grounds of reversible error upon which an appeal could be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), appellant's counsel carefully discussed why, under controlling authority, there is no

2

reversible error in the trial court's judgment. Appellant's counsel also informed this Court in writing that she: (1) notified appellant that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided appellant with copies of both pleadings; (3) informed appellant of his right to file a pro se response, to review the record prior to filing that response, and to seek discretionary review if we conclude that the appeal is frivolous; and (4) provided appellant with a copy of the appellate record. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20; *see also In re Schulman*, 252 S.W.3d at 408–09.

Appellant filed a pro se response. When appellate counsel files an *Anders* brief and the appellant independently files a pro se response, the court of appeals has two choices:

> [i]t may determine that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error. Or, it may determine that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues.

*Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (internal citations omitted). We are "not required to review the merits of each claim raised in an *Anders* brief or a pro se response." *Id.* at 827. Rather, we must merely determine if there are any arguable grounds for appeal. *Id.* If we determine there are such arguable grounds, we must remand for appointment of new counsel. *Id.* Reviewing the merits raised in a pro se response would deprive an appellant of the meaningful assistance of counsel. *Id.*

## II.   INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record, counsel's brief, and appellant's pro se

response, and we have found nothing that would arguably support an appeal. *See*
*Bledsoe*, 178 S.W.3d at 827–28 ("Due to the nature of *Anders* briefs, by indicating in the
opinion that it considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirements of Texas Rule
of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 511.

### III.    MOTION TO WITHDRAW

In accordance with *Anders*, appellant's counsel has asked this Court for
permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re*
*Schulman*, 252 S.W.3d at 408 n.17. We grant counsel's motion to withdraw. Within five
days from the date of this Court's opinion, counsel is ordered to send a copy of this opinion
and this Court's judgment to appellant and to advise him of his right to file a petition for
discretionary review.[1] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at
411 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

### IV.    CONCLUSION

We affirm the trial court's judgment.

JON WEST
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
7th day of August, 2025.

---

[1] No substitute counsel will be appointed. Should appellant wish to seek further review of this case
by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary
review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed
within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion
for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for
discretionary review must be filed with the Clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3.
Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate
Procedure 68.4. *See id.* R. 68.4.